IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE KANAWHA-GAULEY COAL & COKE COMPANY,

        Plaintiff,

v.                          CIVIL ACTION NO.  2:09-cv-01278

PITTSTON MINERALS GROUP, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Strike the Untimely Opinion From Stephen G. Capelli [Docket 56].  For the reasons discussed below, this Motion is **DENIED**.

**I.    Background**

This case involves a dispute over an alleged breach of an agreement guaranteeing the performance of a lease.  The plaintiff, Kanawha-Gauley Coal & Coke Company ("Kanawha-Gauley") entered into a lease with Kanawha Development Corporation ("KDC").  The defendant, Pittston Minerals Group, Inc. ("Pittston") executed an ancillary agreement with the plaintiff whereby the defendant agreed to "be jointly bound with [KDC]" on the lease.  Eventually, the lessor/lessee relationship between the plaintiff and KDC declined significantly, culminating in a series of major lease defaults that caused the plaintiff to terminate the lease.  On September 25, 2009, the plaintiff filed an action against Pittston in the Circuit Court of Fayette County, West Virginia, claiming

breach of contract and estoppel. On November 24, 2009, Pittston removed the action to this court pursuant to 28 U.S.C. § 1332.

The instant dispute involves the timeliness of the defendant's expert witness disclosures. Pursuant to the court's Scheduling Order and subsequent extensions, each party timely disclosed its expert witnesses on or before September 8, 2010. On October 21, 2010, the plaintiff deposed the defendant's expert witness, Stephen G. Capelli. On October 22, 2010, Mr. Capelli sent his "Supplemental Revision of the most recent Expert Witness Report dated September 26, 2010" to the plaintiff's counsel. (Pl.'s Mot. to Strike, at Ex. 5.) The court will reference this letter as the defendant's "first supplemental disclosure." On October 29, 2010, Mr. Capelli sent "Supplemental Revisions" of his report to the plaintiff's counsel. (Pl.'s Mot. to Strike, at Ex. 2.) The court will reference this letter as the defendant's "second supplemental disclosure." On November 3, 2010, the plaintiff filed the instant Motion to Strike the Untimely Opinion From Stephen G. Capelli.[1]

**II.   Standard**

Rule 26 of the Federal Rules of Civil Procedure sets out the disclosure requirements, including the duty to disclose and supplement expert witness testimony. *See* Fed. R. Civ. P. 26(a)(2); 26(e). Pursuant to Rule 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial," and "this disclosure must be accompanied by a written report" that conforms with the requirements of Rule 26(a)(2)(B). *See* Fed. R. Civ. P. 26(a)(2). Among these requirements is that an expert witness report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Disclosures

---

[1] The plaintiff did not contact the defendant or attempt to confer with the defendant pursuant to Local Rule 37 before filing the instant Motion as required by Local Rule 37.1(b). The court nonetheless exercises its discretion to address the Motion on the merits.

of expert testimony are to be made "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Pursuant to Rule 26, a party must supplement its expert witness disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Absent a deadline from the court, such supplemental disclosures must be made "by the time the party's pretrial disclosures under Rule 26(a)(3) are due," which, in this case, was January 3, 2011. *See* Fed. R. Civ. P. 26(e)(2)

A party has a clear obligation to disclose and supplement expert witness information in a timely fashion, "[b]ut this duty does not permit a party to make an end-run around the normal timetable for conducting discovery." *Colony Apartments v. Abacus Project Mgmt., Inc.,* 197 Fed. App'x 217, 231 (4th Cir. 2006). "Courts distinguish true supplementation (e.g., correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by supplementing an expert report with a new and improved expert report." *Gallagher v. Southern Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008). Accordingly, this court must first determine whether the defendant's supplemental disclosures were "true supplementation" rather than "gamesmanship and delay." *Id.*

If the defendant's supplemental disclosures were "true supplementation" then they were timely pursuant to Rule 26(a)(3). If, however, these disclosures were not "true supplementation" then the court has the discretion, pursuant to Rule 37(c)(1), to exclude these disclosures. *See Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 695-96 (4th Cir. 2003). "Of importance here, Rule 26(e)(1) requires a party to supplement its experts' reports and deposition testimony when the party learns of new information. If the party fails to do so, the court

may exclude any new opinion offered by the expert." *Southern States*, 318 F.3d at 595-96. The Fourth Circuit has held that:

> [I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id* at 597.

### III. Analysis

#### A. Mr. Capelli's First Supplemental Disclosure

The defendant's first supplemental disclosure consists of an edited version of a spreadsheet that Mr. Capelli submitted as part of his original expert witness disclosure. The defendant made this first supplemental disclosure within twenty-four hours after Mr. Capelli's deposition. The edited spreadsheet contains three specific revisions to the original spreadsheet based on information discussed during Mr. Capelli's deposition. The plaintiff admits that "Mr. Capelli apparently recognized this flaw in his methodology, and after his deposition produced a new Exhibit 5 to his report." (Mem. Supp. Pl.'s Mot. to Strike, at 4.) This is precisely the type of supplementation envisioned by Rule 26(e). An expert witness, after being deposed by opposing counsel, supplemented his original disclosure to include an alternative calculation based on data already in the record. I **FIND** that the defendant's first supplemental disclosure is timely supplementation under Rule 26(e). Accordingly, the plaintiff's Motion to Strike as to the first supplemental disclosure is **DENIED**.

#### B. Mr. Capelli's Second Supplemental Disclosure

-4-

In Mr. Capelli's second supplemental disclosure, he provides opinions regarding the value of coal stockpiled on the leased premises, a subject not addressed in Mr. Capelli's original expert report. The plaintiff contends that this is an entirely new opinion and is therefore an untimely expert disclosure, while the defendant contends that this opinion is based on evidence already in the record.

The second supplemental disclosure appears to be "new opinion" rather than "true supplementation," however, the defendant's failure to previously disclose this information is harmless under the five factors outlined in *Sherwin Williams*. Considering the first and second factors, while the plaintiff may have been "surprised" by the second supplemental disclosure, the defendant made this disclosure nearly four months before the trial, giving the plaintiff ample time to consider this disclosure in preparing for trial. The third factor is inapplicable here, as this disclosure will not, in any way, disrupt the trial. The fourth factor similarly weighs in favor of admitting the second supplemental disclosure as even the plaintiff admits that the "stockpile opinion is of critical importance to Kanawha-Gauley." (Pl.'s Reply, at 7.) In considering the fifth factor, I note that the defendant has not offered an "explanation" for the untimely disclosure, but instead asserts that the disclosure was a timely supplementation. Upon consideration of all of the five factors, I **FIND** that the defendant's prior nondisclosure was harmless. Accordingly, the plaintiff's Motion to Strike as to the defendant's second supplemental disclosure is **DENIED**.

To ensure that the plaintiff is not prejudiced by the defendant's untimely disclosure, the court **ORDERS**, pursuant to Rule 37(c)(1)(A), that the defendant make Mr. Capelli available for a deposition at the plaintiff's request. *See* Fed. R. Civ. P. 37(c)(1). Furthermore, the court **ORDERS** that the defendant pay all of the "reasonable expenses, including attorney fees," caused by the failure to timely disclose Mr. Capelli's new opinions. *Id.*

**IV. Conclusions**

For the reasons discussed above, the plaintiff's Motion to Strike the Untimely Opinion From Stephen G. Capelli is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 28, 2011

Joseph R. Goodwin, Chief Judge